[No. 26874. *En Banc.* June 21, 1938.]

*In the Matter of the Estate of* JACOBENA GALBER, *Deceased.*[1]

[1]Reported in 80 P. (2d) 772.

*L. H. Wheeler,* for appellant.

*Poe, Falknor, Emory & Howe,* for respondent.

MILLARD, J.—Jacobena Galber died testate in Seattle August 26, 1936. All of the property of the deceased and of her surviving spouse, John Galber, was community property. By the fifth paragraph of her non-intervention will the testatrix devised and bequeathed, after providing for payment of all debts and bequests (she bequeathed one dollar each to her son and daughter), the residue of her estate to the Seattle National Bank, a corporation, or its successor, in trust for her husband, who is to receive, under the trust created by the testatrix, all the income therefrom during the period of his life or so long as he remains unmarried.

After the death or remarriage of the husband of the testatrix, one-half of the trust estate passes to the son of the testatrix, and the other half passes to the Seattle National Bank, or its successor, as trustee for the daughter of the testatrix, and her daughter's children until the youngest, then ten years old, is thirty years of age.

By the sixth paragraph of her will, the testatrix nominated her husband and the Seattle National Bank, or its successor, executors. She named the bank as trustee and directed that, in the event her husband was unable to act as executor, the bank should become her sole executor. In the event that the Seattle National Bank became disqualified, without a successor to act as trustee, the testatrix directed appointment

of the bank's successor by the probate court for King county.

The husband of the testatrix filed his petition for appointment as executor. The bank made no appearance and the husband was appointed sole executor. In the brief of the bank is a statement that, as all of the property of the estate was community property, the husband had the statutory right to administer the estate; therefore the bank assented or consented to the appointment of the husband as sole executor.

"A surviving spouse shall be entitled to administer upon the community property, notwithstanding any provisions of the will to the contrary, if the court find such spouse to be otherwise qualified; . . ." Rem. Rev. Stat., § 1419 [P. C. § 9935].

After the expiration of the time for filing claims, the executor filed his petition for final hearing on the report and for distribution of the estate. The petition recites that the executor is entitled to distribution to himself of all of one-half, his community share, of all of the estate; that he is further entitled to distribution to himself of all the property of his deceased wife as sole executor of her will, and as sole trustee thereunder, and with full power, right, title, and authority to sell and dispose of the same, free and clear of any claim of anyone. The prayer of the petition is that the executor petitioner be appointed sole trustee under the will with full power and authority to dispose of the estate.

Service was had upon the bank of notice that John Galber, executor of the last will of Jacobena Galber, deceased, had filed in the office of the clerk of the court his final report, and petition for distribution would be heard May 28, 1937, in the probate department of the superior court for King county. The bank made no appearance. Final decree approving accounts, dis-

tributing the estate, appointing John Galber as sole trustee, and awarding compensation to the executor and his attorney for services performed by them was entered May 28, 1937. No reference is made in the decree to the bank as residuary legatee.

On June 24, 1937, the bank filed its petition for an order directing John Galber to show cause why he should not be removed as trustee. Prior to the time (June 30th) set for hearing on the show cause order, the bank appealed from the decree of distribution, which appeal was subsequently dismissed on the bank's motion. The voluntary dismissal of its appeal was doubtless for the purpose of reinvesting the probate court with jurisdiction to vacate the judgment on the bank's petition therefor.

Galber appeared specially objecting to the jurisdiction of the court. The hearing on the order to show cause for removal of Galber as trustee and for correction of the decree of distribution was continued from time to time to July 26th, when the court entered an order removing John Galber as trustee and substituting, in his place and stead as trustee, the Seattle First National Bank. The decree further required Galber to transfer to the Seattle First National Bank, as trustee under the last will and testament of Jacobena Galber, an undivided half interest in and to all the property of the estate. The order removing John Galber as trustee contains the following recital of the basis for the removal of Galber as trustee:

"It appearing to the court from the records and files in this matter, and from statements made by counsel for the respective parties, and from testimony introduced, that the said John Galber was improvidently and through his misrepresentation designated as trustee and distributee under the terms and provisions of the decree of distribution entered in this matter on the 28th day of May 1937, by reason of his represen-

tation that said petitioner was disqualified to act as trustee under said last will and testament and was without a successor, and that Seattle National Bank, a national banking association, or its successor was designated trustee under the last will and testament of the above named deceased to whom should have been distributed the property and estate of the above named deceased in accordance with the terms and provisions of her last will and testament, and that petitioner Seattle First National Bank, a national banking association, has succeeded to all of the rights of Seattle National Bank in the premises, and that the relief prayed for by petitioner should be granted and said decree of distribution corrected and amended to conform to the directions of the above named deceased as contained in her last will and testament."

John Galber has appealed.

During the pendency of this appeal the appellant died. His executors move that they be substituted as parties appellant. Respondent counters with a motion for dismissal of the appeal on the ground that the controversy existing at the time the appeal was taken now ceases to exist.

Counsel for respondent contend that the controversy existing at the time the appeal was taken ceased to exist coincident with Galber's death; that, pending a review by this court of the order vacating the decree appointing Galber as trustee, the death of Galber intervened and that event renders it impossible for this court to grant the relief sought by the late appellant—the reinstatement of Galber as trustee.

The statutes (Rem. Rev. Stat., §§ 1743 and 193 [P. C. §§ 7328, 8274]) respecting abatement and revival of actions and the procedure for procuring substitution of parties in the event of the *death of a party to an action which survives,* may not be successfully invoked to defeat respondent's motion to dismiss the appeal. The right which John Galber contended was

his—the right to be trustee of the estate in controversy —was a purely personal right which did not survive his death. By death's decree Galber's right to act as trustee was settled.

Under the will, the residuary estate of the testatrix was given to the respondent in trust for the benefit of the deceased appellant, the husband of the testatrix. The income and rents were to be paid to him during the period of his life or so long as he remained single. Upon his death or remarriage the remainder passed, share and share alike, to the son of the testatrix and to the respondent as trustee for the daughter of the testatrix.

Immediately on the death of the late appellant, the trust in his behalf was terminated. The son of the testatrix became possessed of one-half of his late mother's estate, and a new trust of the other one-half for the benefit of the daughter of the testatrix came into being. Patently, the decree which was vacated did not appoint the deceased appellant trustee of a trust which could not come into existence until after his death.

Under that portion of the decree appointing Galber as trustee to hold the property in trust for the heirs of the testatrix, as provided in her will, Galber was required, as trustee, to conserve the principal of the estate for the benefit of those who would be entitled to it on Galber's death. On the happening of that event the only duty imposed on Galber's executors was to account to the interested parties for the principal of the trust estate which came into possession of Galber during his life time.

Whether the court acted erroneously in appointing Galber as trustee or whether the court was in error in later removing Galber as trustee and substituting in his stead the respondent, who had been named by

the testatrix as trustee, can hardly be of any interest to the executors of the deceased Galber.

The original decree by which the late John Galber was appointed trustee to hold, sell, etc., the property of the testatrix in trust for her heirs, as provided in the will, could not reasonably be construed to mean that the trial court intended that the executors of the deceased appellant should act in violation of the terms of the will as trustee after Galber's death in place of the respondent, to which the trust estate passed when Galber died.

The duty of the executors of the late appellant would be no different whether the original decree or the order vacating that decree is sustained. If the estate of the testatrix was not delivered by the late appellant to the respondent, the executors of the late appellant may not do other than to surrender that property to the respondent. If that property has already been placed in custody of the respondent, it would remain with the respondent as trustee under the terms of the will, irrespective of whether the original or the amended decree is sustained. If the property of the trust were in the possession of the executors of the late appellant, those executors would hold it merely as custodians or bailees with no duty to perform other than to turn that property over to the beneficiaries.

The appeal is dismissed.

ALL CONCUR.